Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Micah R. Dunn
Shannon A. Dunn**
  Debtor(s)

Bankruptcy Case No.: 13–25344–CMB
Issued Per Jan. 5, 2017 Proceeding
Chapter: 13
Docket No.: 134 – 73, 128, 129
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

   IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated November 22, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☑ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $1,274 as of January 2017. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Penn Hills Municipality and School District Earned Income Tax at Claim No. 1 .

☑ H.   Additional Terms: Fee application needed if any fee (including retainer) exceeds the no–look fee and previous application, including any fees paid to prior counsel.

*(2.)*   *IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.**   **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**   **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**   **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**   **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**   **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: January 12, 2017

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                          Case No. 13-25344-CMB
Micah R. Dunn                                                   Chapter 13
Shannon A. Dunn
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: jhel                 Page 1 of 2           Date Rcvd: Jan 12, 2017
                              Form ID: 149               Total Noticed: 24
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 14, 2017.
```
db/jdb        +Micah R. Dunn,    Shannon A. Dunn,    231 Pheasant Drive,    Pittsburgh, PA 15235-3159
cr             Duquesne Light Company,    c/o Peter J. Ashcroft,    2200 Gulf Tower,    Pittsburgh, PA 15219
cr           ++PERITUS PORTFOLIO SERVICES,     PO BOX 141419,    IRVING TX 75014-1419
              (address filed with court: Peritus Portfolio Service,     POBox 141419,    Irving, TX 75014)
13772126      +AES,   1200 N. 7th St.,    Harrisburg, PA 17102-1419
13772127      +Bank of America,    501 Bleecker Street,    Utica, NY 13501-2401
13976829       ECMC,   P.O. BOX 16408,    ST. PAUL, MN 55116-0408
13772129      +Great Lakes Higher Education,    2401 International Ln,    Madison, WI 53704-3192
13790499      +Municipality of Penn Hills,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
                Norristown, PA 19404-3020
13795325      +PHEAA,   PO Box 8147,    Harrisburg, PA 17105-8147
13851802      +PNC MORTGAGE NA,    3232 NEWMARK DR,    MIAMISBURG OH 45342-5433
13772131      +PNC Mortgage,    6 N Main Street,    Dayton, OH 45402-1908
13772130      +Penn Hills Township,    12000 Frankstown Rd., 2nd Floor,    Pittsburgh, PA 15235-3400
13873725      +Peoples Natural Gas Co. LLC,    Attn: Andrew Weisner,    375 North Shore Dr., Suite 600,
                Pittsburgh, PA 15212-5866
14077148       Peritus Portfolio as Assignee for NCEP llc,     POBox 141419,    Irving TX 75014-1419
13772132     #+Portnoff Law Associates, LTD,    1000 Sandy Hill Road,    Suite 150,    Norristown, PA 19401-4181
13772133      +Santander Consumer,    PO Box 961245,    Fort Worth, TX 76161-0244
13784955      +Santander Consumer USA,    Po Box 560284,    Dallas, TX 75356-0284
13772134      +State Collection Service,    PO Box 6250,    Madison, WI 53716-0250
13772135      +Thomas Puleo, Esquire,    KML Law Group, P.C.,    Mellon Independence Center - Suite 5000,
                701 Market Street,    Philadelphia, PA 19106-1538
13772137      +US Department of Education,    PO Box 530260,    Atlanta, GA 30353-0260
13793445       US Dept of Education,    Claims Filing Unit,    PO Box 8973,    Madison, WI 53708-8973
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
13772128      +E-mail/Text: hariasdiaz@creditmanagementcompany.com Jan 13 2017 01:54:01
                Credit Management Company,    2121 Noblestown Road,    PO Box 16346,    Pittsburgh, PA 15242-0346
13850282      +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM Jan 13 2017 01:54:17     Duquesne Light Company,
                c/o Bernstein-Burkley, P.C.,    707 Grant Street,    Suite 2200 Gulf Tower,
                Pittsburgh, PA 15219-1908
13772136      +E-mail/Text: BankruptcyNotice@upmc.edu Jan 13 2017 01:54:09     UPMC Physician Services,
                1650 Metropolitan Street,    Third Floor - Customer Service,    Pittsburgh, PA 15233-2213
                                                                                              TOTAL: 3
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             PNC Bank, National Association
cr*            ECMC,   P.O. BOX 16408,    St. Paul, MN 55116-0408
cr*           +Municipality of Penn Hills,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
                Norristown, PA 19404-3020
cr*           +Penn Hills School District,    c/o Maiello, Brungo & Maiello, LLP,    3301 McCrady Road,
                Pittsburgh, PA 15235-5137
13782115     ##+Penn Hills School District,    c/o Maiello Brungo & Maiello, LLP,    3301 McCrady Road,
                Pittsburgh, PA 15235-5137
                                                                                TOTALS: 1, * 3, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.   The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
District/off: 0315-2          User: jhel              Page 2 of 2           Date Rcvd: Jan 12, 2017
                              Form ID: 149            Total Noticed: 24
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 14, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 12, 2017 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor    PNC Bank, National Association
               agornall@goldbecklaw.com,  bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
              Brian C. Thompson    on behalf of Joint Debtor Shannon A. Dunn bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;LaurenKelly@thompsonattorney.com;jwrzosek@thompsonattorney.com;mgille
               spie@thompsonattorney.com;azema@ecf.inforuptcy.com;noreply@thompsonattorney.com;mhodge@thompsonat
               torney.com
              Brian C. Thompson    on behalf of Debtor Micah R. Dunn bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;LaurenKelly@thompsonattorney.com;jwrzosek@thompsonattorney.com;mgille
               spie@thompsonattorney.com;azema@ecf.inforuptcy.com;noreply@thompsonattorney.com;mhodge@thompsonat
               torney.com
              James  Warmbrodt    on behalf of Creditor    PNC Bank, National Association bkgroup@kmllawgroup.com
              James R. Wood    on behalf of Creditor    Municipality of Penn Hills jwood@portnoffonline.com,
               jwood@ecf.inforuptcy.com
              Jennifer L. Cerce    on behalf of Creditor    Penn Hills School District jlc@mbm-law.net
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtd
               rive.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 9
```